FILED
2022 FEB 9 PM 2:35
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ELIZABETH JENSEN,<br><br>  Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>  Defendant. | Case #4:20-cv-00142-PK<br><br>MEMORANDUM DECISION AND ORDER |

  This Social Security disability appeal is before the Court pursuant to 42 U.S.C. § 405(g) to review the final decision of the Acting Commissioner of Social Security. Plaintiff, Elizabeth Jensen seeks review of the Administrative Law Judge ("ALJ") decision denying her claim for Disability Insurance Benefits under Title II of the Social Security Act. After reviewing the parties' briefs and considering their positions at oral argument, the Court will reverse and remand the Commissioner's final decision denying Ms. Jensen's claim for disability benefits for further consideration.

         I.  STANDARD OF REVIEW

  The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014)(citation omitted). The ALJ's findings

"shall be conclusive" if supported by substantial evidence. 42 U.S.C. § 405(g); *see also Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). Substantial evidence is "more than a mere scintilla [;]" it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971)(quotation and citation omitted). When reviewing the record, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

A "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)(quotation and citation omitted).

## II. BACKGROUND

### A. Procedural History

Ms. Jensen filed an application for Disability Insurance Benefits on September 7, 2018, alleging disability beginning September 14, 2014 (Tr. 182-183). Ms. Jensen's claims were initially denied on April 2, 2019, and on reconsideration on August 14, 2019 (Tr. 85, 2014).

A hearing was held on June 17, 2020 (Tr. 34-65). At the hearing, Ms. Jensen requested that her onset date be amended to April 1, 2018 (Tr. 10). The ALJ issued a decision finding Ms. Jensen not disabled on July 29, 2020 (Tr. 7-28). On October 29, 2020, the Appeals Council declined to review this decision making it the final administrative decision of the Commissioner (Tr. 1-6). Ms. Jensen brought this action to appeal the Commissioner's decision pursuant to 24 U.S.C. § 405(g).

### B. Relevant Factual Background

In April 2018, testing showed white matter lesions of Ms. Jensen's brain and spinal cord, consistent with multiple sclerosis ("MS")(Tr. 283, 306). Imaging also showed disc bulges at C4-C5 and C5-C6 and moderate right foraminal stenosis (Tr. 308, 524, 575). Ms. Jensen was immediately referred to Dr. Scott Belliston, a neurologist specializing in MS (Tr. 283).

Ms. Jensen's MS continued to progress. Brain imaging in February 2019 showed development of another lesion (Tr. 472). Imaging in September 2019 continued to show evidence of active demyelination (Tr. 579). Imaging done in December 2019 due to facial paresthesia showed evidence of increasing demyelination (Tr. 614). The most recent imaging in February 2020 showed multiple new lesions (Tr. 647-649). Throughout this time Ms. Jensen has reported severe fatigue and severe headaches one to two times a week (Tr. 376, 482, 525, 529, 563, 597, 620).

While undergoing testing for MS, the imaging showed that Ms. Jensen had a brain aneurysm (Tr. 273). In July 2018 surgery was done to repair the aneurysm (Tr. 330, 438-439). In September 2019, it was discovered that Ms. Jensen had suffered a stroke in the right parietal cortex (Tr. 579).

Prior to the relevant period, in May 2017, Ms. Jensen was diagnosed with moderate pulmonary hypertension (Tr. 320). In November 2018, Ms. Jensen reported to the emergency room with chest pain (Tr. 419). In April 2020, Ms. Jensen reported edema in her lower extremities and was referred for cardiac testing (Tr. 651). She was diagnosed with diastolic dysfunction (Tr. 705).

Ms. Jensen was also diagnosed with bilateral carpal tunnel syndrome after undergoing EMG testing (Tr. 519-522). After surgery, she reported less paresthesia, but still reported numbness and

tingling in her hands (Tr. 525, 526, 618). Ms. Jensen has been diagnosed with depression and anxiety and received medication for these impairments (Tr. 342,347, 359, 362, 493-496, 565). She has consistently had a BMI over 50 (Tr. 342). Bariatric surgery was discussed (Tr. 588). The most recent records show a BMI of 58 (Tr. 704-708).

In September 2018 and May 2020, Dr. Scott Belliston filled out forms opining that due to her impairments, Ms. Jensen would be off task 20% or more of the workday and absent four or more days a month (Tr. 391, 393, 692-693).

After her diagnosis of diastolic dysfunction in Junes 2020, Ms. Jensen's physician's assistant ("PAC"), Jackie Fonua filled out a form stating that Ms. Jensen could perform less than sedentary work, would be off task 20% or more of the workday, absent four or more days each month, and be 50% less efficient than the average worker (Tr. 710).

### C. Hearing Testimony

At the hearing, Ms. Jensen testified that she was 41 years old. She had not graduated from high school (Tr. 42). She testified that she had last worked at Amazon for a couple of months, but had been unable to continue due to her impairments (Tr. 44). The work was causing more headaches and joint pain (Tr. 45). She had just undergone cardiac testing and it was abnormal, so she was seeing her doctor the day after the hearing to discuss this testing (Tr. 48). She was diagnosed with MS in 2018. She has fatigue, body aches and pains from the MS (Tr. 49). She has difficulty standing, dealing with heat, and her hands go numb (Tr. 49). She is currently on medication for her MS and take other supplements to try to help with her fatigue (Tr. 51). Ms. Jensen testified that she gets very stiff if she

4

sits or stands too long (Tr. 53). She leans on the wall to help herself balance (Tr. 53). She has pins and needles in her hands causing her to drop things (Tr. 53). She can stand/walk for no more than 20 minutes (Tr. 54). Her headaches have improved, but she still gets a bad headache about once a week that includes dizziness, nausea, and eye pain (Tr. 55). The headaches can last from a couple of hours to a week (Tr. 56). She has been living with her parents since being diagnosed with MS so they can help out (Tr. 56).

While working at Amazon, she missed at least one day a week and used voluntary time off (Tr. 57). She is currently being treated with medication for anxiety and depression (Tr. 57). Ms. Jensen has had two strokes during the relevant period (Tr. 58-59). Her MS symptoms have worsened since she was diagnosed (Tr. 60). She is 5'6" and currently weighs 330 pounds (Tr. 61).

### D. ALJ Decision

In his decision, the ALJ found that Ms. Jensen had the severe impairments of migraine headaches, multiple sclerosis, obesity, obstructive sleep apnea, depression, anxiety, aneurysm, and stroke (Tr. 13). At step three he found that she did not meet a listing (Tr. 14). The ALJ found that Ms. Jensen could perform sedentary work. She can lift and carry twenty pounds occasionally and ten pounds frequently. She can stand or walk for four hours and sit for eight hours in an eight-hour workday. She can occasionally climb ladders, ropes, or scaffolds. She can occasionally balance. She can frequently climb ramps and stairs, kneel, stoop, crouch, and crawl. She can never work in extreme

heat. She can perform simple, routine tasks that can be learned in thirty days or less with an SVP[1] of one or two. She can make simple work-related judgments. She can have occasional social interaction (Tr. 15). The ALJ found that with this residual functional capacity, Ms. Jensen could not perform her past relevant work (Tr. 22). However, he found there was other work Ms. Jensen could perform (Tr. 22). Therefore, he found she was not disabled (Tr.23).

### III. DISCUSSION

On appeal, Ms. Jensen argues that the ALJ erred by failing to consider the evidence of cardiac impairment Ms. Jensen submitted after the hearing. She also argues that the ALJ erred in his evaluation of the medical opinion evidence submitted by her neurologist and physician's assistant. Finally, she argues that the ALJ erred by failing to include upper extremity limitations in his residual functional capacity assessment.

<u>Evidence of Cardiac Impairment</u>

At the hearing, counsel for Ms. Jensen informed the ALJ that due to shortness of breath, lower extremity swelling, and continued fatigue, Ms. Jensen had undergone additional cardiac testing shortly before the hearing. Ms. Jensen had been told that testing was abnormal (Tr. 39-40). As Ms. Jensen had a date last insured of June 30, 2021, this new evidence was probative of her impairments during the relevant period. Counsel requested two weeks, or until July 1, 2020, to submit the new evidence of cardiac impairment (Tr. 40). This request was granted (Tr. 40, 64).

---

[1] SVP refers to the Specific Vocational Preparation as defined by the Dictionary of Occupational Titles, Appendix C, 1991 WL 688702, January 1, 2016. An SVP of 1 or 2 would refer to jobs that could be learned in one month or less.

On June 25, 2020, within the time allowed by the ALJ, counsel for Ms. Jensen submitted the following new evidence regarding Ms. Jensen's cardiac issues (Tr. 257).

1) Treatment notes dated June 9, 2020, showing cardiac testing ordered by Dr. Scott Belliston due to complaints of shortness of breath, lower extremity edema, and fatigue (Tr. 694-698).

2) The result of this testing dated June 11, 2020, showing Grade 1 diastolic pattern, and changed diastolic function from previous exams (Tr. 699-701).

3) A follow-up exam with treating PAC Jackie Fonua diagnosing diastolic dysfunction and edema, as well as MS, sleep apnea, and morbid obesity (Tr. 699-701, 704-708). Ms. Jensen was placed on new medications for these impairments (*Id.*).

4) A residual functional capacity opinion from PAC Fonua that included limitations related to the new diagnosis of diastolic dysfunction (Tr. 709-710).

On appeal, Ms. Jensen argues that the ALJ decision failed to include evaluation of any of this evidence, other than the RFC of PAC Fonua (ECF Doc. 22 at 11). She notes that there is no mention of this newly diagnosed cardiac issue in the ALJ decision. Ms. Jensen also argues that the record does contain evidence of previous cardiac and vascular issues such as a stroke, and aneurysm and pulmonary hypertension (Tr. 320, 578-579, 613-615, 645-650). Finally, she argues that her morbid obesity further complicates any cardiac issues (Tr. 704-708).

The Commissioner argues that the ALJ admitted this evidence into the record and stated that he considered all the evidence (ECF Doc. 26 at 6). She argues that the ALJ is not required to address

every piece of evidence in the record (*Id.*).

In reviewing an appeal in a Social Security disability case, this Court cannot reweigh the evidence or substitute its judgement for that of the Agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). It can only review the ALJ's decision to determine if the factual findings are supported by substantial evidence and if the correct legal standards were applied. *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The problem in this case, is the ALJ has made no factual findings regarding Ms. Jensen's cardiac issues. This leaves the Court with no ability to meaningfully review either the ALJ's factual findings or whether the correct legal standards were applied. *See Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10 Cir. 2003). The record is simply devoid of any discussion of this impairment. As diastolic dysfunction was diagnosed by an acceptable medical source, and limitations such as shortness of breath with exertion were identified in the record, the failure to expressly provide some evaluation of this opinion is legal error. For these reasons, this Court will reverse and remand this decision for further proceedings to allow the ALJ to provide an explanation of how Ms. Jensen's diastolic dysfunction was evaluated.

<u>Medical Opinion Evidence</u>

Ms. Jensen argues that the ALJ failed to properly evaluate the opinions of Dr. Scott Belliston and PAC Jackie Fonua (ECF Doc. 22 at 12-13). With regard to the opinions of Dr. Belliston, Ms. Jensen specifically argues that the ALJ's reasons for finding Dr. Belliston's opinion is not persuasive are not supported by substantial evidence. She notes that the ALJ erroneously identified the date Dr. Belliston began seeing Ms. Jensen argues that the ALJ's decision does not

clearly address Dr. Belliston's notes regarding headaches and fatigue. Dr. Belliston opined that due to her impairments, Ms. Jensen would be off task 20% or more of the workday and absent four or more days a month (Tr. 391, 393).

The ALJ found Dr. Belliston's opinions not persuasive because of a lack of treatment notes and explanation supporting his findings, and the fact that Ms. Jensen responded well to headache medication (Tr. 20). The Commissioner further notes that Dr. Belliston did not opine any limitations related to headaches or fatigue. She acknowledges that the ALJ did not correctly identify the date Ms. Jensen began seeing Dr. Belliston, but argues that his exam findings were largely normal and the ALJ's findings regarding these opinions are reasonable. (ECF Doc. 26 at 9-11).

The regulation explains that the decision will articulate how persuasive the SSA finds all medical opinions and prior administrative medical findings. 20 C.F.R. § 404.1520c(b) (2017). The articulation requirement applies for each source, but not for each opinion of that source separately. 20 C.F.R. § 404.1520c(b)(1). It requires that the SSA:

> [W]ill explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, asappropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record.

This Court finds that with regard to Dr. Belliston's opinion, the ALJ did not err in his findings as to its persuasiveness and that Agency rules and regulations were followed. Therefore, there is no error in the ALJ's evaluation of Dr. Belliston's opinion.

Turning to the opinion of PAC Fonua, she provided a treating source statement after Ms.

Jensen's most recent visit and testing, shortly after the hearing. Her opinion was based on the diagnoses of MS, stroke, diastolic dysfunction, and major depression. She noted that due to these impairments, Ms. Jensen would not be able to perform even sedentary work (Tr. 709-710). The ALJ found this opinion unpersuasive and inconsistent with objective evidence (Tr. 20). However, Ms. Jensen argues that the ALJ failed to consider any of the new evidence submitted with PAC Fonua's opinion. In finding this opinion not supported by the evidence the ALJ erroneously states that the most recent treatment records from PAC Fonua are from April 2020 (Tr. 20). Ms. Jensen argues she submitted treatment notes from PAC Fonua dated June 18, 2020 (Tr. 704-708). In these notes, PAC Fonua was able to review Ms. Jensen's recent cardiac testing and able to observe a notable increase in Ms. Jensen's BMI. As discussed above, the ALJ failed to provide any discussion of this newly submitted evidence. The Court agrees that the ALJ cannot fail to provide an evaluation of these notes in weighing the opinion of PAC Fonua as she states clearly it is premised in part on Ms. Jensen's diastolic dysfunction (Tr. 709-710). The Court declines to find that the ALJ's error in recognizing the new testing and exam do not undermine his opinion as suggested by the Commissioner (ECF Doc. 26 at 14). Therefore, this case is remanded to allow PAC Fonua's opinion to be further evaluated.

<u>Upper Extremity Limitations</u>

Finally, Ms. Jensen argues that the ALJ failed to include upper extremity limitations based on Ms. Jensen's pegboard testing performed by Dr. Belliston (ECF Doc. 22 at 18-19). The Court has found there is no error in the ALJ's findings regarding Dr. Belliston's opinion. Furthermore, as argued by the Commissioner, Dr. Belliston himself did not opine any upper extremity limitations

(ECF Doc. 26 at 14). Therefore, the Court finds that ALJ did not err in his evaluation of Ms. Jensen's upper extremity limitations.

## ORDER

Under the relevant standard of review, the Court finds that the ALJ failed to evaluate the evidence of cardiac impairment as required by Agency rules and regulations. Furthermore, he made factual errors in his evaluation of the opinion from PAC Fonua. Accordingly, for the reasons set forth above, the Court REVERSES and REMANDS this matter to the Commissioner for further proceedings consistent with this Memorandum Decision and Order.

DATED: 09 February 2022

_____
PAUL KOHLER
United States Magistrate Judge